**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>09-21010-cr-JEM</u>**


**UNITED STATES OF AMERICA**

**v.**

**JOEL ESQUENAZI,**
**CARLOS RODRIGUEZ,**
**JEAN RENE DUPERVAL,**
**and**
**MARGUERITE GRANDISON,**

   **Defendants.**
_____/

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS</u>

Pursuant to Fed. R. Crim. P. 30, the United States respectfully requests that the following

jury instructions be given at trial in the above-styled action.  It is further requested that the parties

be allowed to propose additional instructions as may be appropriate based on the trial testimony, and

that they be informed prior to closing arguments which instructions the Court will accept and which

it will decline.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

   By: <u>s/ Aurora Fagan</u>
      Aurora Fagan
      Assistant United States Attorney
      FL Bar No. 188591
      99 N.E. 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9185
      Fax: (305) 530-6168

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 17, 2010, I electronically filed the foregoing

document with the Clerk of the Court and defense counsel using the CM/ECF system.


s/ Aurora Fagan
AURORA FAGAN
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-21010-cr-JEM**

**UNITED STATES OF AMERICA**

**v.**

**JOEL ESQUENAZI,**
**CARLOS RODRIGUEZ,**
**JEAN RENE DUPERVAL,**
**and**
**MARGUERITE GRANDISON,**

　　　**Defendants.**
_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

　　It's my duty to instruct you on the rules of law that you must use in deciding this case.

After I've completed these instructions you will go to the jury room and begin your discussions –

what we call your deliberations.

　　You must decide whether the Government has proved the specific facts necessary to find

each Defendant guilty beyond a reasonable doubt.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 1 (2010)

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

**Duty to Follow Instructions and the Presumption
of Innocence When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt.  The law presumes every Defendant is innocent.  The Defendant does not have to prove his or her innocence or produce any evidence at all.  A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 2.2 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 3 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 4 (2010)

5

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 5 (2010)

6

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with three people, including a codefendant, in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

---

Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 1.2 (2010) (modified)

7

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 6.1 (2010)

8

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth.  But even if you believe the witness is telling the truth, you must still decide how accurate the identification is.  I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

- How much time did the witness have to observe the person?

- How close was the witness?

- Did anything affect the witness's ability to see?

- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 3 (2010)

9

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

**Expert Witness**

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or expertise in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 7 (2010)

10

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

**Note-taking**

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 5 (2010)

11

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

**Introduction to Offense Instructions**

The indictment charges 21 separate crimes, called "counts."  Not every defendant is charged in every count.  Each count has a number.  You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that Defendants Esquenazi, Rodriguez, and Grandison knowingly and willfully conspired to violate the Foreign Corrupt Practices Act ("FCPA") and to commit wire fraud.  Count 9 charges that all of the Defendants knowingly and willfully conspired to launder money.

Counts 2-8 charge that Defendants Esquenazi, Rodriguez, and Grandison committed what are called "substantive offenses," specifically violations of the FCPA.  Counts 10-21 charge that all of the Defendants committed additional substantive offenses, specifically money laundering.  I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in Counts 1 and 9 with committing a substantive offense – they are charged with conspiring to commit that offense.

I will also give you specific instructions on conspiracy.

———————————

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 8 (2010) (modified)

12

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

**General Conspiracy Charge**
**18 U.S.C. § 371**

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2)     the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as a described in the indictment; and

13

(4)  the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

---

Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 13.1 (2010)

14

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

**Multiple Objects of a Conspiracy –
for use with General Conspiracy Charge 13.1
18 U.S.C. § 371**

In this case, regarding the alleged conspiracy, the indictment charges that Defendants Esquenazi, Rodriguez, and Grandison conspired to violate the FCPA <u>and</u> to commit wire fraud. In other words, Defendants Esquenazi, Rodriguez, and Grandison are charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that the Defendants charged in Count 1 willfully conspired to commit <u>both</u> crimes. It is sufficient if the Government proves beyond a reasonable doubt that the Defendants willfully conspired to commit <u>one</u> of those crimes. But to return a verdict of guilty, you must all agree on which of the two crimes the Defendants conspired to commit.

I will now summarize for you the objects of the alleged conspiracy – violating the Foreign Corrupt Practices Act ("FCPA") and wire fraud.

The **FCPA**, Title 15, United States Code, Section 78dd-2(a)(1), makes it a federal crime or offense to offer to pay, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for purposes of influencing any act or decision of such foreign official in his official capacity or securing any improper advantage in order to obtain or retain business. I will describe this offense in more detail in moment.

**Wire Fraud**, Title 18, United States Code, Section 1343, makes it a federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to defraud. A person commits wire fraud when that person, knowingly and willfully and with

15

intent to defraud, devises, or participates in a scheme to defraud or for obtaining money or property by means of false or fraudulent representations relating to a material fact, and sends (or causes to be sent) something through wire transmissions for the purpose of executing the scheme to defraud.     The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat a person or entity out of money or property by using false or fraudulent pretenses, representations, or promises.  A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false. The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

---

Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 13.2, 51 (2010)

16

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

**Pinkerton Instruction**

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding Counts 2-8, and Defendants Joel Esquenazi, Carlos Rodriguez, and Marguerite Grandison, if you have first found any of those Defendants guilty of the crime of conspiracy as charged in Count 1, you may also find that Defendant guilty of any of the crimes charged in Counts 2-8 even though the Defendant did not personally participate in the crime.

And regarding Counts 10-21 and Defendants Joel Esquenazi, Carlos Rodriguez, Jean Rene Duperval, and Marguerite Grandison, if you have first found any of those Defendants guilty of the crime of money laundering conspiracy as charged in Count 9, which I will explain in a moment, you may also find that Defendant guilty of any of the crimes charged in Counts 10-21 even though the Defendant did not personally participate in the crime.

To do so, you must find beyond a reasonable doubt:

(1)     During the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2)     The Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3)     It was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

---

Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 13.5 (2010)

17

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

**Foreign Corrupt Practices Act
15 U.S.C. § 78dd-2(a)(1)**

It is a Federal crime to offer to pay, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for purposes of influencing any act or decision of such foreign official in his official capacity or securing any improper advantage in order to obtain or retain business.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     The defendant is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder thereof acting on behalf of such domestic concern, all concepts that I will define for you shortly;

(2)     The defendant acted corruptly and willfully;

(3)     The defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute;

(4)     The defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value;

(5)     That the payment or gift was to a foreign public official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign public official;

(6)     That the payment was for one of four purposes:

—       to influence any act or decision of the foreign public official in his official capacity;

—       to induce the foreign public official to do or omit to do any act in violation of that official's lawful duty;

—       to induce that foreign official to use his influence with a foreign government or instrumentality thereof to affect or

18

influence any act or decision of such government or instrumentality; or

—        to secure any improper advantage; and

(7)        That the payment was made to assist the defendant in obtaining or retaining business for or with, or directing business to, any person.

A "domestic concern" is: (a) any individual who is a citizen, national, or resident of the United States; and (b) any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

To act "corruptly" means to act knowingly and dishonestly for a wrongful purpose.

The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place or ship outside thereof, and such term includes the intrastate use of (a) a telephone or other interstate means of communication, or (b) any other interstate instrumentality.  If such mechanisms as trade, transportation, or communication are utilized by persons and goods passing between the various states, they are instrumentalities of interstate commerce.  I instruct you that, as a matter of law, using a U.S. bank constitutes the use of a means or instrumentality of interstate commerce.  So if you find that such a thing occurred, you may find that this element has been proved.

The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality.

An "instrumentality" of a foreign government includes government-owned or

19

government-controlled companies, such as certain commercial carriers (*e.g.*, airlines, railroads), utilities (*e.g.*, electricity, gas), and telecommunications companies (*e.g.*, Internet, telephone, television).

*Promise or Authorization to Pay Sufficient – Explained*

As I previously told you, one of the elements that the government must prove beyond a reasonable doubt for you to convict a defendant of violating the Foreign Corrupt Practices Act is that the defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value.  It is not required that the payment actually be made.  A promise to pay and the authorization of payment by a domestic concern are each also prohibited by the FCPA. Indeed, a domestic concern, or an officer, employee, or agent of a domestic concern, that engages in bribery of a foreign official indirectly through any other person or entity is liable under the FCPA, just as if the person had engaged in the bribery directly.  Thus, if you find that a defendant is a domestic concern, that is, a United States citizen or lawful permanent resident, or that he or she was an officer, employee, or agent of a domestic concern, and that he or she authorized another person to pay a bribe, that authorization alone is sufficient for you to find that this element has been proven.

To repeat, it is not necessary that the payment actually take place.  Instead, it is the offer or the authorization that completes the crime. You may find this element satisfied if you find that the defendant promised or authorized an unlawful payment, even if you believe that the payment was not actually made.  It is sufficient simply if the defendant believed that a bribe would be paid and that he promised or authorized the bribe to be paid.

*Payments to Third Parties – "Knowing" – Defined*

Provided all the other elements are present, an offer to pay, payment, promise to pay, or

20

authorization of payment is unlawful under the Foreign Corrupt Practices Act if it is made to "any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official."

For the purposes of this section, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (a) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (b) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.  A person is deemed to have such knowledge if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.

### *"Obtaining or Retaining Business" – Explained*

The Foreign Corrupt Practices Act prohibits offers, payments, promises to pay, or authorization of payments made by a domestic concern "in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person or company." It is therefore not necessary for the government to prove that the domestic concern itself actually obtained or retained any business whatsoever as a result of an unlawful offer, payment, promise, or gift.  Moreover, the Act's prohibition of corrupt payments to assist in obtaining or retaining business is not limited to the obtaining or renewal of contracts or other business, but also includes a prohibition against corrupt payments related to the execution or performance of contracts or the carrying out of existing business, such as a payment to a foreign official for the purpose of obtaining more favorable tax treatment.

### *Solicitation of Bribe Not a Defense – Explained*

It does not matter who suggested that a corrupt offer, payment, promise or gift be made.

21

The Act prohibits any payment or gift intended to influence the recipient, regardless of who first suggested it.  It is not a defense that the payment was demanded on the part of a government official as a price for continuing to do business or other benefit or that the business may be harmed if the payment is not made.  That the offer to pay, payment, promise to pay, or authorization of payment may have been first suggested by the recipient is not deemed an excuse for a domestic concern's decision to make a corrupt payment, nor does it alter the corrupt purpose with which the offer to pay, payment, promise to pay, or authorization of payment was made.

---

15 U.S.C. § 78dd-2(a)(1) (elements of offense), 2(h)(1) (definition of "domestic concern"), 2(h)(2)(A) (definition of "foreign official"), 2(h)(3) (definition of "knowing" specifically for FCPA violations), 2(h)(5) (definition of "interstate commerce"); s*ee United States v. Kay, et al.*, 01-CR-914, DE 142 at 14-23 (S.D. Tex. Oct. 6, 2004) (jury instructions in FCPA prosecution), *aff'd*, 513 F.3d 432, 446-52 (5th Cir. 2007), *reh'g denied*, 513 F.3d 461 (5th Cir.), *cert. denied*, 129 S. Ct. 42 (2008); *United States v. Kay*, 359 F.3d 738, 755-56 (5th Cir. 2004); *United States v. Jefferson*, 07-CR-209, DE 684 at 75-87 (E.D. Va. July 30, 2009); *United States v. Mead*, 98-CR-240 (D. N.J. Oct. 1998) at 2-8 (jury instructions in FCPA prosecution, not docketed); Eleventh Circuit Pattern Jury Instructions for Criminal Cases, Offense Instruction No. 5.2 (2010) (definition of "corruptly").

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates either Section1956(a)(1)(B)(i) or Section 1957 of Title 18 of United States Code.

Section 1956(a)(1)(B)(i) prohibits a person from knowingly conducting or attempting to conduct a financial transaction when the person knew that the money or property involved in the transaction was the proceeds of some kind of unlawful activity, when the money or property did come from a specified unlawful activity alleged in the indictment, and the person knew that the transaction was designed in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

Section 1957 prohibits a person from knowingly engaging or attempting to engage in a monetary transaction when the person knew that the transaction involved property or funds that were the proceeds of some criminal activity, when the property had a value of more than $10,000, the property was in fact proceeds of a specified unlawful activity alleged in the indictment, and the transaction took place in the United States.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

23

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)      two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. §§ 1956 or 1957; and

(2)      the Defendant knew about the plan's unlawful purpose and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

---

Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 74.5 (2010) (modified)

24

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

**Money Laundering: Concealing Proceeds
of Specified Unlawful Activity
18 U.S.C. § 1956(a)(1)(B)(i)**

It's a Federal crime to knowingly engage in certain kinds of financial transactions

commonly known as money laundering.

The Defendant can be found guilty of this crime only if all the following facts are proved

beyond a reasonable doubt:

(1)     the Defendant knowingly conducted or tried to conduct financial
        transactions;

(2)     the Defendant knew that the money or property involved in the
        transaction were the proceeds of some kind of unlawful activity;

(3)     money or property did come from a specified unlawful activity,
        specifically, a violation of the FCPA, wire fraud, or a violation of
        Haitian bribery law; and

(4)     the Defendant knew that the transaction was designed, in whole or
        in part, to conceal or disguise the nature, location, source,
        ownership, or the control of the proceeds.

To "conduct a transaction" means to start or finish a transaction, or to participate in a

transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other

disposition of money or property.  A transaction with a financial institution also includes a

deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit,

use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or

other monetary instrument.

A "financial transaction" means – a transaction that in any way or to any degree affects

interstate or foreign commerce by sending or moving money by wire or other means or a

25

transaction involving the use of a financial institution that is involved in interstate or foreign commerce, or whose activities affect interstate or foreign commerce, in any way or degree.  The phrase "financial institution" includes an FDIC insured bank, a commercial bank or trust company, an agency or branch of a foreign bank in the United States, any credit union, an operator of a credit card system, a loan or finance company, and persons involved in real estate closings and settlements.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or business in the United States and people or businesses outside the United States.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, Federal, or foreign law.  Defendants need not know the precise nature of the specified unlawful activity (*i.e.*, that the specified unlawful activity was a felony).

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The phrase "specified unlawful activity" means any one of the following three kinds of illegal activity:  (1) violation of the FCPA, (2) wire fraud, or (3) violation of Haitian bribery law.

You are instructed as a matter of law that the bribery of directors and employees of Telecommunications D'Haiti or Teleco would be a violation of Haitian criminal law.

---

Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 74.2 (2010) (modified)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

**Aiding And Abetting; Agency**
**18 U.S.C. § 2**

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

---

Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 7 (2010)

27

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

**On Or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 9.1A (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

**Deliberate Ignorance As Proof Of Knowledge**

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant engages in a financial transaction and believes the money or property involved in the transaction were the proceeds of some kind of unlawful activity but deliberately avoids learning that the money or property did come from an unlawful activity so he or she can deny knowledge later.

So you may find that a defendant knew about the unlawful activity if you determine beyond a reasonable doubt that the defendant (1) actually knew about the unlawful activity, or (2) had every reason to know but deliberately closed his or her eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew the proceeds came from an illegal activity.

---

Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 8 (2010) (modified)

29

GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

**Caution:  Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the

Defendants.  You must consider each crime and the evidence relating to it separately.  And you

must consider the case of each Defendant separately and individually.  If you find a Defendant

guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the

indictment.  You're here to determine from the evidence in this case whether each Defendant is

guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty.

If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 10.4 (2010)

30

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 11 (2010)

31

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 12 (2010)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-21010-cr-JEM**


**UNITED STATES OF AMERICA**

**v.**

**JOEL ESQUENAZI,**

        **Defendant.**

_____/


**VERDICT**

We the Jury, unanimously find the defendant, JOEL ESQUENAZI,

      As to Count 1:

          NOT GUILTY ___           GUILTY ___

If you found JOEL ESQUENAZI guilty of Count 1, please indicate what offense or offenses he

conspired to commit:

    _____ Foreign Corrupt Practices Act           _____ Wire Fraud


      As to Count 2:

          NOT GUILTY ___           GUILTY ___

      As to Count 3:

          NOT GUILTY ___           GUILTY ___

      As to Count 4:

          NOT GUILTY ___           GUILTY ___

As to Count 5:

NOT GUILTY ___                          GUILTY ___

As to Count 6:

NOT GUILTY ___                          GUILTY ___

As to Count 7:

NOT GUILTY ___                          GUILTY ___

As to Count 8:

NOT GUILTY ___                          GUILTY ___


As to Count 9:

NOT GUILTY ___                          GUILTY ___

If you found JOEL ESQUENAZI guilty of Count 9, please indicate what offense or offenses he

conspired to commit:

_____ Concealment Money Laundering

_____ Spending Criminally Derived Property Over $10,000


As to Count 10:

NOT GUILTY ___                          GUILTY ___

As to Count 11:

NOT GUILTY ___                          GUILTY ___

As to Count 12:

NOT GUILTY ___                          GUILTY ___

2

As to Count 13:

       NOT GUILTY ___                    GUILTY ___

As to Count 14:

       NOT GUILTY ___                    GUILTY ___

As to Count 15:

       NOT GUILTY ___                    GUILTY ___

As to Count 16:

       NOT GUILTY ___                    GUILTY ___

As to Count 17:

       NOT GUILTY ___                    GUILTY ___

As to Count 18:

       NOT GUILTY ___                    GUILTY ___

As to Count 19:

       NOT GUILTY ___                    GUILTY ___

As to Count 20:

       NOT GUILTY ___                    GUILTY ___

As to Count 21:

       NOT GUILTY ___                    GUILTY ___

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida, this ____day of December, 2010.

_____           _____

Foreperson's Signature                       Foreperson's Printed Name

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-21010-cr-JEM**

**UNITED STATES OF AMERICA**

**v.**

**CARLOS RODRIGUEZ,**

      **Defendant.**

_____/

**VERDICT**

We the Jury, unanimously find the defendant, CARLOS RODRIGUEZ,

As to Count 1:

        NOT GUILTY ___                GUILTY ___

If you found CARLOS RODRIGUEZ guilty of Count 1, please indicate what offense or offenses

he conspired to commit:

      _____ Foreign Corrupt Practices Act         _____ Wire Fraud

As to Count 2:

        NOT GUILTY ___                GUILTY ___

As to Count 3:

        NOT GUILTY ___                GUILTY ___

As to Count 4:

        NOT GUILTY ___                GUILTY ___

2

As to Count 5:

NOT GUILTY ___                    GUILTY ___

As to Count 6:

NOT GUILTY ___                    GUILTY ___

As to Count 7:

NOT GUILTY ___                    GUILTY ___

As to Count 8:

NOT GUILTY ___                    GUILTY ___


As to Count 9:

NOT GUILTY ___                    GUILTY ___

If you found CARLOS RODRIGUEZ guilty of Count 9, please indicate what offense or offenses

he conspired to commit:

_____ Concealment Money Laundering

_____ Spending Criminally Derived Property Over $10,000

As to Count 10:

NOT GUILTY ___                    GUILTY ___

As to Count 11:

NOT GUILTY ___                    GUILTY ___

As to Count 12:

NOT GUILTY ___                    GUILTY ___

As to Count 13:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

As to Count 14:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

As to Count 15:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

As to Count 16:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

As to Count 17:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

As to Count 18:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

As to Count 19:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

As to Count 20:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

As to Count 21:

      NOT GUILTY \_\_\_           GUILTY \_\_\_

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida, this \_\_\_\_day of December, 2010.

_____      _____

Foreperson's Signature           Foreperson's Printed Name

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>09-21010-cr-JEM</u>**


**UNITED STATES OF AMERICA**

**v.**

**JEAN RENE DUPERVAL,**

      **Defendant.**

_____/

**<u>VERDICT</u>**

We the Jury, unanimously find the defendant, JEAN RENE DUPERVAL,

     As to Count 9:

          NOT GUILTY ____              GUILTY ____

If you found JEAN RENE DUPERVAL guilty of Count 9, please indicate what offense or

offenses he conspired to commit:

_____ Concealment Money Laundering

_____ Spending Criminally Derived Property Over $10,000

     As to Count 10:

          NOT GUILTY ____              GUILTY ____

     As to Count 11:

          NOT GUILTY ____              GUILTY ____

     As to Count 12:

          NOT GUILTY ____              GUILTY ____

As to Count 13:

       NOT GUILTY ___                GUILTY ___

As to Count 14:

       NOT GUILTY ___                GUILTY ___

As to Count 15:

       NOT GUILTY ___                GUILTY ___

As to Count 16:

       NOT GUILTY ___                GUILTY ___

As to Count 17:

       NOT GUILTY ___                GUILTY ___

As to Count 18:

       NOT GUILTY ___                GUILTY ___

As to Count 19:

       NOT GUILTY ___                GUILTY ___

As to Count 20:

       NOT GUILTY ___                GUILTY ___

As to Count 21:

       NOT GUILTY ___                GUILTY ___

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida, this ____day of December, 2010.

_____       _____

    Foreperson's Signature                   Foreperson's Printed Name

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-21010-cr-JEM**


**UNITED STATES OF AMERICA**

**v.**

**MARGUERITE GRANDISON,**

     **Defendant.**

_____/

**VERDICT**

We the Jury, unanimously find the defendant, MARGUERITE GRANDISON,

    As to Count 1:

        NOT GUILTY ___           GUILTY ___

If you found MARGUERITE GRANDISON guilty of Count 1, please indicate what offense or

offenses she conspired to commit:

      _____ Foreign Corrupt Practices Act        _____ Wire Fraud


    As to Count 2:

        NOT GUILTY ___           GUILTY ___

    As to Count 3:

        NOT GUILTY ___           GUILTY ___

    As to Count 4:

        NOT GUILTY ___           GUILTY ___

    As to Count 5:

        NOT GUILTY ___           GUILTY ___

As to Count 6:

NOT GUILTY ___                              GUILTY ___

As to Count 7:

NOT GUILTY ___                              GUILTY ___

As to Count 8:

NOT GUILTY ___                              GUILTY ___


As to Count 9:

NOT GUILTY ___                              GUILTY ___

If you found MARGUERITE GRANDISON guilty of Count 9, please indicate what offense or

offenses she conspired to commit:

_____ Concealment Money Laundering

_____ Spending Criminally Derived Property Over $10,000

As to Count 10:

NOT GUILTY ___                              GUILTY ___

As to Count 11:

NOT GUILTY ___                              GUILTY ___

As to Count 12:

NOT GUILTY ___                              GUILTY ___

As to Count 13:

NOT GUILTY ___                              GUILTY ___

As to Count 14:

NOT GUILTY ___                              GUILTY ___

2

As to Count 15:

   NOT GUILTY ___                    GUILTY ___

As to Count 16:

   NOT GUILTY ___                    GUILTY ___

As to Count 17:

   NOT GUILTY ___                    GUILTY ___

As to Count 18:

   NOT GUILTY ___                    GUILTY ___

As to Count 19:

   NOT GUILTY ___                    GUILTY ___

As to Count 20:

   NOT GUILTY ___                    GUILTY ___

As to Count 21:

   NOT GUILTY ___                    GUILTY ___

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida, this ____ day of December, 2010.

_____        _____
Foreperson's Signature                 Foreperson's Printed Name

3