UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21010-CR-JEM

**UNITED STATES OF AMERICA,**

vs.

**JOEL ESQUENAZI,**
    **Defendant.**
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT ESQUENAZI'S SUPPLEMENTAL OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT**

      The United States, by and through the undersigned counsel, hereby submits this Response in Opposition to Defendant Joel Esquenazi's Supplemental Objection to Pre-Sentence Investigation Report (DE 603). Esquenazi contests the PSIR's recommendation that he receive a 2-level enhancement for obstruction of justice because, he claims, the testimony described in paragraphs 62-65 was "either non-material, non-willful or a legitimate dispute that does not meet the requirements of a perjury charge." DE 603 at 1.

      Because section 3C1.1 of the U.S. Sentencing Guidelines applies precisely to the type of intentionally false testimony Esquenazi gave during trial, his objection should be overruled. That section provides as follows:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

As the Eleventh Circuit recently explained,

> The § 3C1.1 enhancement applies if a defendant commits perjury pertaining to conduct that forms the basis of the offense of conviction or provides materially false information to a judge or magistrate. U.S.S.G. § 3C1.1 cmt. n.4(B), (F). For purposes of applying this enhancement, perjury is defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Bradberry*, 466 F.3d 1249, 1254 (11th Cir. 2006) (quotation marks omitted).

*United States v. Capshaw*, 2011 WL 3911097, *5 (11th Cir. Sep. 7, 2011) (footnote omitted). "Material matters include those that 'would tend to influence or affect the issue under determination.'" *United States v. Benford*, 2011 WL 2078645, *10 (11th Cir. May 26, 2011) (quoting U.S.S.G. § 3C1.1 cmt. n.6).[1] In *Capshaw*, the court affirmed the district court's application of this enhancement because the defendant's testimony "directly contradicted the testimony of other witnesses and was irreconcilable with the evidence presented by the government." 2011 WL 3911097 at *6. In *Benford*, the court affirmed the district court's application of this enhancement because the defendant's false testimony directly related to an element of the offense. 2011 WL 2078645 at *10.

Like the defendants' testimony in *Capshaw* and *Benford*, the false testimony described in paragraphs 62-65 of the PSIR was directly related to the issue of Esquenazi's guilt, directly contradicted the testimony of other witnesses, and was irreconcilable with the evidence presented by the government. For example, Esquenazi's repeated denials that he bribed, agreed to bribe, or directed anyone to offer a bribe to Robert Antoine,[2] were directly related to the FCPA object of

---

[1] In full, application note 6 provides as follows: "'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination."

[2] *See, e.g.*, Tr. 7/28/2011 PM p. 52 and Tr. 8/1/2011 AM p. 18:
Q.  I'm going to ask you a few questions about your background.  But before I get here, let me ask you some other questions.  Right off the bat.  Did you bribe Robert Antoine?
A.  I never bribed Robert Antoine. * * *
Q.  And did you ever ask Tony Perez to go and talk to Antoine about a bribe or taking it easy on Terra?
A.  I never asked him to do anything like that on our behalf.

Count 1, directly contradicted the testimony of Robert Antoine and Antonio Perez, and were irreconcilable with the testimony of Juan Diaz and Jean Fourcand, as well as the documentary evidence.  *See* PSIR ¶ 65.

Similarly, Esquenazi's testimony that IRS SA Jason Smith's testimony regarding Esquenazi's confession that he had bribed Jean Rene Duperval was "[t]otally false" was directly related to the substantive FCPA counts and the FCPA object of Count 1, was directly contradicted by the testimony of SA Smith, and was irreconcilable with the documentary and testimonial evidence, which showed, for example, that Esquenazi directed Terra's in-house lawyer to set up the shell company through which Duperval was bribed and his personal banker to set up the account into which the bribe money was transferred.  *See* PSIR ¶ 63.

The false testimony described in PSIR paragraphs 62 (designed to convince the jury that he was a law-abiding citizen and more trustworthy than the other witnesses) and 64 (designed to convince the jury that the documentary evidence was consistent with his testimony and inconsistent with the government's theory of the case), as well as the false testimony and information described in the government's original opposition to Esquenazi's objection to this enhancement (DE 588 at 6-8) (citing additional examples of lies designed to negate the "instrumentality" and "foreign official" elements of the FCPA charges; to convince the jury that exculpatory documents had been destroyed; and to mislead the probation office in order to affect sentencing) was also material, intentional, baseless, and contradicted by other evidence.

Any one of these or the other instances of Esquenazi's perjury would individually justify application of the obstruction enhancement. Taken together, it is beyond cavil that the enhancement should apply or that Esquenazi's false testimony was anything but intentional. Accordingly, Esquenazi's objection should be overruled and the PSIR's recommendation should be approved.

                                Respectfully submitted,

                                WIFREDO A. FERRER
                                UNITED STATES ATTORNEY

                                Nicola J. Mrazek
                                James M. Koukios
                                Senior Trial Attorneys
                                FRAUD SECTION, CRIMINAL DIVISION
                                U.S. DEPARTMENT OF JUSTICE

                                /s/Aurora Fagan_____
                                Aurora Fagan
                                Assistant United States Attorney
                                Florida Bar Number 188591
                                99 N.E. 4th Street, 4th Floor
                                Miami, FL 33132
                                (305) 961-9185
                                Fax: (305) 530-6168

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court and defense counsel using CM/ECF on October 21, 2011.

            By:          /s/ James M. Koukios_____
                           James M. Koukios
                           Senior Trial Attorney
                           U.S. Department of Justice